**Francisco Luis MALDONADO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–72306.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 15, 2006.

Jorge I. Rodriguez–Choi, Esq., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Jeffrey J. Bernstein, Esq., Kenneth E. Sealls, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, GOULD and CLIFTON, Circuit Judges.

MEMORANDUM **

Francisco Luis Maldonado, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals affirming an immigration judge's ("IJ") decision denying his application for asylum. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Lim v. INS*, 224 F.3d

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

929, 933 (9th Cir.2000), we deny the petition for review.

Substantial evidence supports the agency's determination that neither the anonymous, unfulfilled threats nor the incidents Maldonado experienced while driving his truck rise to the level of past persecution. *See Nahrvani v. Gonzales,* 399 F.3d 1148, 1153–54 (9th Cir.2005) (serious but anonymous threats coupled with harassment and de minimis property damage did not constitute persecution); *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995) (holding that persecution is an "extreme" concept).

Moreover, as the IJ noted, approximately five years after Maldonado departed Guatemala, the 1996 peace accords were signed, and the 2002 State Department country conditions report in the record does not mention on-going violence by guerrillas. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1095–96 (9th Cir.2002) (holding that where petitioner has not established past persecution, the IJ is entitled to rely on State Department country reports in determining whether an applicant's fear of future persecution is reasonable).

**PETITION FOR REVIEW DENIED.**